Philip J. Perry
Direct Dial: 202-637-2200
philip.perry@lw.com

555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Tel: +1.202.637.2200 Fax: +1.202.637.2201
www.lw.com

FIRM / AFFILIATE OFFICES

| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

# LATHAM&WATKINS LLP

September 16, 2025

Mr. Lyle W. Cayce
Clerk of Court
U.S. Court of Appeals for the Fifth Circuit
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA 70130

Re: *Pharm. Rsch. & Mfrs. of Am. v. Murrill*, No. 24-30673 (consol. w/ Nos. 24-30645, 24-30651)

**Appellant Pharmaceutical Research and Manufacturer's Response to Rule 28j Notice of Supplemental Authority**: *AbbVie v. Fitch*, No. 24-60375 (5th Cir. Sept. 12, 2025) ("AbbVie"), 2025 WL 2630900

Dear Mr. Cayce:

In *AbbVie,* this Court affirmed a preliminary injunction denial based on "the specific claims and sparse record before us." This case, by contrast, involves a different record and specific conflicts of federal and state law not presented or decided in *AbbVie*.

340B is a federal spending power program, and its obligations must be unambiguously disclosed and agreed to by manufacturers. *Cummings v. Premier Rehab Keller, P.L.L.C.*, 596 U.S. 212, 219-220 (2022). Congress gave the states no role to supplement manufacturers' obligations and change the bargain between manufacturers and the federal government.

Moreover, although the 340B statute does not explicitly mention "contract pharmacies" or "delivery" to them, it does regulate manufacturers' 340B obligations concerning them through the "shall offer" provision in 42 U.S.C. § 256b(a)(1). *Novartis Pharms. Corp. v. Johnson*, 102 F.4th 452, 460-64 (D.C. Cir. 2024). Congress gave manufacturers discretion to include in their "offers" reasonable "non-price" terms, but required that such "offers" remain "bona fide" and consistent with the federal program. *Id*. In particular, the "one-contract-pharmacy" and "claims-data" conditions at issue *in this case* (ROA.160-161,ROA.899) are both permissible in a compliant "bona fide" offer. *Id*. A manufacturer that includes these conditions has discharged its duty to "offer" under 340B. *Id*. If a covered entity does not accept such a "bona fide" offer, federal law does not require any sale to that entity at the 340B price. *Id*.

Louisiana's statute would make such a federally compliant offer illegal under state law. Thus, state law overlaps and irreconcilably conflicts with federal law's regulation of the same issues. Under federal law, no 340B-priced sale to a covered entity is required if a covered entity

rejects a "bona fide" federal offer under § 256b(a)(1) with a one-contract-pharmacy condition. *Id*. Under Louisiana law, a manufacturer faces harsh penalties for failing to make that same sale. Louisiana's law thus *compels* manufacturers to make additional 340B-priced sales beyond what federal law requires and manufacturers agreed to, changing manufacturers' obligations under the federal program. This conflicting state mandate significantly alters the bargain participants made with the federal government as part of the 340B program, and is preempted.

Respectfully submitted,

*/s/ Philip J. Perry*
Philip J. Perry

*Counsel for Pharmaceutical Research and Manufacturers of America*

cc: All counsel of record (via CM/ECF)