
STATE OF LOUISIANA
DEPARTMENT OF JUSTICE
OFFICE OF THE ATTORNEY GENERAL
P.O. BOX 94005
BATON ROUGE, LA
70804-9005

LIZ MURRILL
ATTORNEY GENERAL

September 19, 2025

**VIA ECF**
Lyle W. Cayce
Clerk of Court
United States Court of Appeals, Fifth Circuit
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, Louisiana 70130-3408

    Re:   *AstraZeneca v. Murrill*, No. 24-30651

Dear Mr. Cayce:

    Pursuant to Rule 28(j), Attorney General Murrill submits this response to AstraZeneca Pharmaceuticals' September 12 letter regarding a Civil Investigative Demand (CID) issued by the Public Protection Division of the Louisiana Department of Justice (DOJ) on September 4, 2025. *See* Exhibit A, ECF 130-1. As AstraZeneca noted, the CID informed the manufacturer that the DOJ "has evidence that" AstraZeneca "has engaged or is engaging in methods, acts, or practices declared to be unlawful and in violation of" Act 358. Ex. A at 4. Despite AstraZeneca's arguments to the contrary, that CID letter follows the letter of the law and justifiably seeks to enforce Act 358—a law that is currently in effect and not subject to any injunction by any court—against violations by pharmaceutical manufacturers like AstraZeneca.

    AstraZeneca makes two points, neither of which affects this Court's consideration of the parties' briefing and arguments in the consolidated appeals here. *First*, AstraZeneca's contention that its challenged policy "affects only the price at which drugs are offered, not the distribution of drugs following completion of an order," ECF 130-1 at 1, is a mere re-hash of the arguments already repeatedly made in this matter. This "price vs. delivery" distraction misunderstands Act 358, as the State has consistently emphasized in its briefing and at oral argument. Simply put:

STATE OF LOUISIANA
DEPARTMENT OF JUSTICE
OFFICE OF THE ATTORNEY GENERAL
P.O. BOX 94005
BATON ROUGE, LA
70804-9005

LIZ MURRILL
ATTORNEY GENERAL

Act 358 regulates delivery to contract pharmacies, not the price at which a manufacturer must sell a 340B drug. The CID abides by that interpretation.

*Second*, AstraZeneca's assertion that this Court "must rely on Act 358's text," ECF 130-1 at 1, is correct—yet nothing in the CID misapplies Act 358's text. Nor did counsel's statements at oral argument foreclose the possibility that a manufacturer's policy requiring "claim data submission," Ex. A at 5, could be manipulated so as to restrict or prohibit delivery to a contract pharmacy, and thus violate Act 358. More, this sudden fixation on claims data, never once raised in briefing, betrays an effort to run away from the arguments AstraZeneca actually made. AstraZeneca's conflict preemption argument fails, for all the same reasons as before.

Word Count: 345

Respectfully,

/s/Caitlin Huettemann
J. Benjamin Aguiñaga
   Solicitor General
Zachary Faircloth
   Principal Deputy Solicitor
   General
Caitlin Huettemann
   Assistant Solicitor General

*Counsel for Appellee*

cc: All Counsel (via ECF)