# KIRKLAND & ELLIS LLP

Matthew S. Owen, P.C.
To Call Writer Directly:
+1 202 389 5943
matt.owen@kirkland.com

1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
United States

+1 202 389 5000

www.kirkland.com

Facsimile:
+1 202 389 5200

September 19, 2025

**Via CM/ECF**

Lyle W. Cayce
Clerk of Court
United States Court of Appeals for the Fifth Circuit
F. Edward Herbert Building
600 S. Maestri Place
New Orleans, LA 70130-3408

Re: *AbbVie v. Murrill*, No. 24-30645

Dear Mr. Cayce:

AbbVie submits this response to Defendant-Appellee's September 15, 2025 Notice of Supplemental Authority concerning this Court's decision in *AbbVie v. Fitch*, No. 24-60375. That opinion on preliminary injunctive relief expressed concern about Mississippi's similar law, *see* Op. at 2, 17-18, and emphasized that its ruling was limited to the specific procedural posture and record before it. That opinion's conclusions should not control the decision in this case at the summary judgment stage. Rather, the Court should reach a different conclusion here for at least two reasons.

On takings, *Fitch* concluded H.B. 728 does not require AbbVie to "sell larger quantities of [its] drugs at discounted prices than Section 340B requires." Op. at 9. That is contradicted by AbbVie's arguments here and the record evidence supporting them: Act 358 compels AbbVie to complete sales that it otherwise would not. *See* ECF No. 30 at 48-51; ECF No. 101 at 16-21. For that reason, Louisiana's law does not merely "impose[] … 'a negative obligation of non-interference'" that works post-sale, Op. at 9, but instead creates an affirmative obligation to ***complete more sales*** in the first instance.

On preemption, *Fitch* does not speak to Louisiana's overlapping enforcement scheme and the inherent conflicts it creates with the federal Administrative Dispute Resolution scheme. Where Louisiana creates an enforcement scheme addressing whenever a manufacturer "den[ies], restrict[s], [or] prohibit[s] … acquisition of a 340B drug by, or delivery of a 340B drug to, a pharmacy that is under contract with a 340B entity," La. Stat. Ann. §40:2884(A), the federal scheme covers claims "by a covered entity … that a manufacturer has limited the covered entity's

ability to purchase covered outpatient drugs at or below the 340B ceiling price," 42 C.F.R. § 10.21(a)(1).  Act 358 will necessarily require Louisiana courts to answer the same questions as federal ADR panels—the precise result Congress sought to avoid by centralizing enforcement in HRSA.  *PhRMA v. Morrisey*, 760 F. Supp. 3d 439, 458 (S.D. W.Va. 2024); *Astra USA v. Santa Clara Cnty.*, 563 U.S. 110, 120 (2011); ECF No. 101 at 10-11.

                    Sincerely,

                    */s/ Matthew S. Owen, P.C.*
                    Matthew S. Owen, P.C.

cc: All counsel of record (via CM/ECF)